# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **FREDERICK ALEXANDER,**<br>Plaintiff**,**<br>vs.<br>**SELECT COMFORT RETAIL CORPORATION, ET AL.,**<br>Defendants**.** | CASE NO. 18-cv-06446-YGR<br><br>**ORDER GRANTING MOTION FOR REMAND TO THE SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**<br><br>Re: Dkt. Nos. 7, 10, 15, 21 |

On August 29, 2018, plaintiff Frederick Alexander filed, in Superior Court of California, Alameda County, a complaint for (1) discrimination based on political activity and exercise of protected rights in violation of California Labor Code Sections 98.6, 1101(a), 1101(b), and 1102 against all defendants and (2) tortious discharge in violation of public policy against his former employer Select Comfort Retail Corporation d/b/a Sleep Number Bed ("Select Comfort"), his former supervisor Dustin Teibel, and Does 1-25. (Dkt. No. 1-1 at ECF 7-14 ("Compl.") at 1, 5, 7.) On October 22, 2018, defendant Select Comfort removed the action to federal court based on diversity jurisdiction. (Dkt. No. 1 ("Removal").)

Now before the Court is plaintiffs' motion to remand the action to state court. (Dkt. No. 10 ("Remand").) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court **GRANTS** plaintiffs' motion to remand to the Superior Court of California, Alameda County.[1]

---

[1] Accordingly, the Court **DENIES AS MOOT** defendant Teibel's motion dismiss (Dkt. No. 7) as well as defendant Select Comfort's administrative motion for relief (Dkt. No. 15) and motion to compel arbitration (Dkt. No. 21).

## I. BACKGROUND

### A. Factual Background

Plaintiff Frederick Alexander alleges as follows:

On July 23, 2014, Select Comfort hired Alexander as a store manager at their Sleep Number Store at 43838 Pacific Commons Boulevard in Freemont, California. (Compl. ¶ 17.) In this position, plaintiff reported to the district manager. (*Id.*) Plaintiff did well until a new district manager, defendant Teibel, "insisted on asking" plaintiff about his political views regarding President Barak Obama and then-candidate Donald Trump. (*Id.*) Plaintiff tried to avoid responding, but Teibel "would not drop the topic" and told plaintiff "that he was pretty sure he had voted for President Obama." (*Id.*) Alexander confirmed that he had supported Obama. (*Id.*) Teibel then proceeded to "make disparaging remarks about President Obama, to [*sic*] which plaintiff disagreed."[2] (*Id.*) Plaintiff also told Teibel that he did not support Trump and intended to vote for Hilary Clinton. (*Id.*)

After this initial conversation between Alexander and Teibel regarding politics, "the mood and interaction between [plaintiff] and his boss totally changed." (*Id.* ¶ 18.) Teibel repeatedly returned to the issue of politics and raised plaintiff's views on gun control, President Obama, and then-candidate Trump. (*Id.*) On November 6, 2017, "without warning and in retaliation and on account of [plaintiff's] political views," Teibel terminated plaintiff's employment on "the false pretenses that [plaintiff] had 'falsified' his time cards." (*Id.* ¶ 19.)

### B. Procedural Background

On August 29, 2018, Alexander filed his complaint in Superior Court of California, Alameda County. (*See* Compl.) On October 19, 2018, defendant Select Comfort filed an answer with the state court. (Dkt. No. 1-1 at ECF 31-43 ("Ans.").)

Then, three days later, defendant removed the action to federal court based on diversity jurisdiction. (Removal at 2.) Specifically, Select Comfort argued that plaintiff "fraudulently joined" defendant Teibel, who is "a sham defendant because no independent cause of action can

---

[2] The Court notes that it is not clear from the complaint whether plaintiff verbalized this disagreement.

be maintained against him." (*Id.* at 4.) Accordingly, Select Comfort avers that this Court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. Section 1332. (*Id.* at 3.) Plaintiff subsequently filed a motion for remand on November 2, 2018. (Remand.)

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (internal citations omitted). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[A]ny doubt as to the right of removal in the first instance," should be resolved in favor of the remanding party. *See id.*

## III. ANALYSIS

There is no dispute that complete diversity exists between Alexander and Select Comfort. Plaintiff moves to remand this action to state court because defendant Teibel, like plaintiff, is a resident of California, thereby defeating diversity jurisdiction.[3] (Remand at 3.) As a basis for removal, Select Comfort argues that diversity jurisdiction pursuant to 28 U.S.C. Section 1332 exists in this case because joinder of the non-diverse defendant, Teibel, is fraudulent because plaintiff's failure to state a cause of action against Teibel is obvious according to the settled rules of California. (Removal at 2-4 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).) Plaintiff has alleged an individual cause of action against defendant Teibel for discrimination based on political activity and exercise of protected rights pursuant to Labor Code Sections 98.6, 1101(a), 1101(b), and 1102. (Compl. at 5-7.) Select Comfort avers that "[a]s a matter of law, these causes of action cannot be maintained against an individual manager." (Removal at 4.)

---

[3] For the purposes of removal under diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Accordingly, the Court need not consider the Doe defendants for the purposes of this analysis.

3

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). This "fraudulent joinder" doctrine allows a defendant to remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In order to establish fraudulent joinder, the removing part must show that "the plaintiff fails to state a cause of action against [the] resident defendant, *and* the failure is obvious according to the settled rules of the state . . . ." *Id.* (emphasis supplied). Courts in the Ninth Circuit have interpreted this burden to require the removing part to prove "to a near certainty" that joinder was fraudulent, in other words, to show that "plaintiff has no actual intention to prosecute an action" against the non-diverse defendant. *See e.g.*, *Osorio v. Wells Fargo Bank*, No. C 12-02645-RS, 2012 WL 2054997, at *2 (N. D. Cal. June 5, 2012).[4]

A plaintiff need only have one potentially valid claim against a non-diverse defendant. *See Nasrawi v. Buck Consultants, LLC*, 776 F.Supp.2d 1166, 1170 (E.D. Cal. 2011). Here, Alexander brings three causes of action against Teibel for discrimination based on political activity and exercise of protected rights in violation of Labor Code Sections 98.6, 1101(a), 1101(b), and 1102. (Compl. at 5-7.)

With respect to Labor Code Section 98.6, Select Comfort avers that it is clear from the section that sets forth the remedies for a violation "that section 98.6 cannot be maintained against an individual defendant as only an employer is capable of implementing the remedies under section 98.6." (Dkt. No. 14 ("Remand Opp.") at 3.) Select Comfort points to the provision entitling the employee to reinstatement and reimbursement of lost wages and benefits and providing for a civil penalty for "an employer" who violates the section as evidence that only an employer can implement these remedies and therefore only an employer can be held liable under the section. (*Id.* (citing Cal. Labor Code § 98.6(b)).) Select Comfort also points to two California

---

[4] *See also Morrow v. Wells Fargo Bank*, No. C 12-03045-LB, 2012 WL 5471133, at *4 (N. D. Cal. Nov. 9, 2012) (internal citations omitted); *Diaz v. Allstate Insurance Group*, 185 F.R.D. 581, 586 (C.D. Cal. 1998); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 466 (E.D. Cal. 1979), aff'd 710 F.2d 549 (9th Cir. 1983).

4

1  Superior Court decisions as evidence that "California courts have routinely held that there is no

2  liability for an individual supervisor under section 98.6." (*Id.* at 4 (citing *Rigelman v. Ip Ass*, No.

3  17-civ-04322, 2018 Cal. Super. LEXIS 1209, *5 (Jan. 29, 2018); *Gonzales v. Starside Security &*

4  *Investigation Inc.*, No. 37-2015-00036423-CU-OE-CTL, 2016 Cal. Super. LEXIS 10588, *5

5  (Nov. 18, 2016)).)

Select Comfort's argument regarding the text of the remedial portion of the statute fails to address the fact that Section 98.6(a) states that "[a] *person* shall not discharge an employee in any manner discriminate, retaliate, or take any adverse action against any employee . . . ." Cal. Labor Code § 98.6(a) (emphasis supplied). The term "person" is defined in California Labor Code Section 18 as "any *person*, association, organization, . . . ." *Id.* § 18 (emphasis supplied); *see also Fernandez v. Big Lots Stores, Inc.*, No. EDCV 14-00806 DDP (ASx), 2014 WL 3418112, at *4 (C.D. Cal. July 10, 2014) (reviewing California law and concluding that "it is not clear or well settled that Plaintiff cannot pursue a § 98.6 claim against" two individual in-state defendants given the statute's use of the word "person").

Moreover, the Court is not persuaded by Select Comfort's argument that California courts have "routinely held" that there is no individual supervisor liability under Section 98.6. In *Rigelman*, the court's only discussion of Section 98.6 is to say that "Demurrer to the seventh cause of action is sustained without leave to amend. Labor Code Section 98.6 imposes liability against only an employer."[5] *Rigelman*, 2018 Cal. Super. LEXIS 1209, *5. The court in *Rigelman* does not provide any citation for this proposition. *See id.* In *Gonzales*, the court states only that it "finds there is no individual liability for retaliation in violation of Labor Code § 98.6." *Gonzales*, 2016 Cal. Super. LEXIS 10588, *5. As an initial matter, this statement addresses only *retaliation* in violation of Section 98.6. Additionally, the case to which the court in *Gonzales* cites for this proposition, *Lloyd v. Cities of Los Angeles*, deals not with a claim under Section 98.6, but with a

---

[5] Although Select Comfort is correct in their notation that the prohibition on citation to uncertified or unpublished California state court opinions is limited to those of the California Court of Appeal or superior court appellate division, neither of which describe the cases to which Select Comfort cites, the fact that these cases are unpublished trial court decisions does not render them authority for "settled rules of California." *See Morris*, 236 F.3d at 1067; *see also* California Rules of Court 8.1115(a).

claim of wrongful termination in violation of public policy, which the court in *Lloyd* holds cannot be maintained against a supervisor. 172 Cal.App.4th 320, 330 (2009).

"In the absence of clear and well-settled authorities, the Court will not conclude that no Section 98.6 claim can lie against" Teibel.[6] *Kyle v. Envoy Mortgage LLC, et al*, No. 18-cv-2396-BAS-WVG, 2018 WL 6600105, at *4 (S.D. Cal. Dec. 17, 2018). Accordingly, the Court finds that Select Comfort has failed to meet its heavy burden to establish that Alexander fraudulently joined defendant Teibel and therefore failed to establish that this Court has original jurisdiction pursuant to Section 1441(a).[7] *See Hunter*, 582 F.3d at 1044; *McCabe*, 811 F.2d at 1339.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion to remand to the Superior Court of California, County of Alameda.

This Order terminates Docket Numbers 7, 10, 15, and 21.

**IT IS SO ORDERED.**

Dated: December 21, 2018

                                                **YVONNE GONZALEZ ROGERS**
                                                **UNITED STATES DISTRICT COURT JUDGE**

---

[6] As a plaintiff need only have one potentially valid claim against a non-diverse defendant, the Court need not evaluate plaintiff's claims under California Labor Code Sections 1101(a), 1101(b), and 1102. *See Nasrawi, LLC*, 776 F.Supp.2d at 1170.

[7] Select Comfort's reliance on *Duarte v. Freeland* is misplaced. No. C-05-2780-EMC, 2008 WL 496490 (N.D. Cal. Feb. 21, 2008). Therein, the court upheld the dismissal of plaintiff's claims for violations of California Labor Code, including Section 98.6, against individual defendants because the plaintiff had "not cited to any case law or other clear authority establishing that there is a private right of action against individuals . . . under the relevant California Labor Code provisions." *Id.* at *9. However, here, the burden is not on the plaintiff but on Select Comfort as the removing party. *See Hunter*, 582 F.3d at 1044.